NOT FOR PUBICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2959-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BILAL BELLAMY,

    Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **February 20, 2020**
>
> **APPELLATE DIVISION**

Argued January 25, 2019 – Decided August 28, 2019

Before Judges Whipple and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-08-2027.

Tamar Y. Lerer, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Tamar Y. Lerer, of counsel and on the brief).

Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney; Barbara A. Rosenkrans, of counsel and on the brief).

The opinion of the court was delivered by

DEALMEIDA, J.A.D.

Defendant Bilal Bellamy appeals from the March 3, 2017 amended judgment of conviction awarding him eighty-six days of jail credits on the aggregate ten-year sentence he received on his convictions of aggravated manslaughter and unlawful possession of a weapon. Defendant argues he was entitled to 1149 days of jail credits. We affirm.

I.

On May 18, 2012, defendant was sentenced to a five-year term of imprisonment, subject to an eighty-five-percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, followed by a three-year period of parole supervision for first-degree robbery.

On September 30, 2013, defendant was released from prison and began his three-year period of parole supervision. On November 7, 2013, defendant shot and killed Ricardo Brown.

On January 3, 2014, defendant was arrested for violations of parole unrelated to the homicide and incarcerated to await action by the Parole Board.

On January 9, 2014, defendant, while incarcerated, was arrested for the homicide.

On February 6, 2014, the Parole Board revoked defendant's parole, setting a twelve-month period of parole ineligibility.

2

On August 22, 2014, a grand jury indicted defendant on charges arising from the homicide. Defendant was charged with: first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); second-degree conspiracy to commit burglary, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:18-2; second-degree burglary, N.J.S.A. 2C:18-2(b); first-degree robbery, N.J.S.A. 2C:15-1(a); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and two counts of second-degree attempted burglary, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:18-2.

On January 6, 2015, the Parole Board denied defendant parole, setting a twenty-three-month period of parole ineligibility. On December 8, 2016, defendant finished serving his period of parole supervision on the original sentence. He remained incarcerated on the pending charges arising from the homicide.

On December 14, 2016, defendant pled guilty to first-degree aggravated manslaughter and second-degree unlawful possession of a handgun. The State agreed to recommend a ten-year prison sentence, with an eighty-five-percent

period of parole ineligibility, to run concurrent to his sentence on the parole violation, which at that point he had completed.

On March 3, 2017, the trial court sentenced defendant to a ten-year period of incarceration, subject to an eighty-five-percent period of parole ineligibility pursuant to NERA for manslaughter and a ten-year period of incarceration, with five years of parole ineligibility, on the weapons conviction to run concurrently with the sentence on the manslaughter conviction. The court ordered the sentences on these convictions to run concurrently with defendant's sentence for the parole violation. The court dismissed the remaining charges arising from the homicide.

With respect to the question of jail credits, the court considered the following dates:

| (1) | 01/03/2014 | Arrest on violation of parole supervision |
| (2) | 01/09/2014 | Arrest on homicide offenses |
| (3) | 02/06/2014 | Parole revoked on prior conviction, defendant must serve twelve months before becoming parole eligible |
| (4) | 01/06/2015 | Parole denied on prior conviction, defendant must serve twenty-three months before becoming parole eligible |
| (5) | 12/08/2016 | Defendant completes parole violation sentence |
| (6) | 12/14/2016 | Defendant pleads guilty to homicide offenses |
| (7) | 03/03/2017 | Defendant sentenced for homicide offenses |

At sentencing, defendant argued he should be credited with jail time served between date (2), the day he was arrested on the homicide offenses, and

4                                                          A-2959-17T4

date (7), the day of sentencing on his homicide offenses, for a total of 1149 days. The State argued defendant should be credited with time served between date (5), the day defendant completed his parole revocation sentence, and date (7), the day of sentencing on his homicide offenses, for a total of eighty-six days. The court, relying on the holding in State v. Black, 153 N.J. 438 (1998), adopted the State's position and credited defendant with eighty-six days of jail credit.

This appeal followed.[1] Defendant makes the following argument for our consideration:

> DEFENDANT IS ENTITLED TO JAIL CREDITS ON THIS CASE FROM THE DATE OF HIS ARREST ON THE INSTANT CHARGES TO THE DATE OF SENTENCING.

## II.

Rule 3:21-8 provides that "[t]he defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence." The credit provided by the Rule is commonly known as a "jail credit." Richardson v. Nickolopoulos, 110 N.J. 241, 242 (1988).

---

[1] This appeal originally was listed on an excessive sentence calendar. We directed that the matter be briefed and placed on a plenary calendar.

A-2959-17T4

Jail credits are "day-for-day credits." Buncie v. Dep't of Corr., 382 N.J. Super. 214, 217 (App. Div. 2005). They are applied to the "front end" of a defendant's sentence. Booker v. N.J. State Parole Bd., 136 N.J. 257, 263 (1994). Jail credits therefore reduce a defendant's overall sentence and any term of parole ineligibility. State v. Rippy, 431 N.J. Super. 338, 348 (App. Div. 2013); State v. Mastapeter, 290 N.J. Super. 56, 64 (App. Div. 1996). Jail credits prevent a defendant from serving double punishment because without them time spent in custody before sentencing would not count toward the sentence. State v. Rawls, 219 N.J. 185, 193 (2014).

Application of Rule 3:28-1 to facts substantively equivalent to those presently before us was squarely addressed by the Supreme Court in Black. In that case, the defendant was originally sentenced to a three-year term for drug offenses. 153 N.J. at 441. He was released on parole but violated the conditions of parole when he failed to report to his parole officer. Ibid. A parole warrant was issued and he was also indicted for absconding. Id. at 441-42. The defendant was eventually returned to custody for the violation of parole, at which point his parole was formally revoked and he was ordered to complete the remaining 337 days of imprisonment on his drug conviction, commencing as of the date he returned to custody. Id. at 442. The defendant later pled guilty to

the absconding charge in return for the State's agreement to recommend a three-year sentence to run concurrently with the defendant's original sentence.  Ibid.

The defendant was sentenced to the term recommended by the State.  Ibid.

Although the 103 days the defendant spent in custody from the date of his arrest on the parole violation to the day prior to sentencing was applied to his parole violation term, he sought to also have those days applied to his sentence on the absconding sentence.  Ibid.

The Court rejected the defendant's argument.  The Court began its analysis by noting that Rule 3:21-8 "has been interpreted to require credit only for 'such confinement as is attributable to the arrest or other detention resulting from the particular offense.'"  Id. at 456 (quoting State v. Allen, 155 N.J. Super. 582, 585 (App. Div. 1978)).  In addition, the Court observed that the defendant's "return to custody arose under the parole warrant."  Id. at 456.  The Court held that

> when a parolee is taken into custody on a parole warrant, the confinement is attributable to the original offense on which the parole was granted and not to any offense or offenses committed during the parolee's release.  If the parole warrant is thereafter withdrawn or parole is not revoked, and the defendant is convicted and sentenced on new charges based on the same conduct that led to the initial parole warrant, then jail time should be credited against the new sentence.  If parole is revoked, then the period of incarceration between the parolee's confinement pursuant to the parole warrant and the revocation of parole should be

7

credited against any period of reimprisonment ordered by the parole board. Any period of confinement following the revocation of parole but before sentencing on the new offense also should be credited only against the original sentence, except in the rare case where the inmate has once again become parole eligible on the original offense but remains incarcerated because of the new offense.

[Id. at 461.]

Defendant concedes that the facts of the present appeal are substantively identical to those before the Court in Black and that the trial court correctly calculated the number of jail credits to which defendant is entitled under Black. Defendant therefore agrees that if Black remains good law the amended judgment of conviction should be affirmed. He argues, however, the holding in Black has effectively been overruled by State v. Hernandez, 208 N.J. 24 (2011), which he argues requires he receive jail credits against the sentence on his homicide convictions for the entire time that he was incarcerated after his arrest for revocation of parole. We disagree.

In Hernandez, the Court considered how Rule 3:21-8 applies to defendants incarcerated pretrial simultaneously on multiple separate charges. Hernandez was arrested on armed robbery charges and incarcerated in the county jail. Id. at 29. A few months later, while still incarcerated, she was arrested on separate burglary charges. Ibid. Ultimately, Hernandez pled guilty to the burglary

charges and was sentenced to a three-year term of imprisonment. Ibid. She received jail credits from the time of her arrest on the burglary charges to the day before sentencing on those charges. Ibid.

Hernandez thereafter pled guilty to the robbery charges on which she had first been arrested. Id. at 30. She received a twenty-year term of incarceration to run concurrently to the sentence on her burglary conviction. Ibid. She received ninety days of jail credits, equal to the time from the day she was arrested on the robbery charges to the day she received the second charges. Ibid. Hernandez appealed her sentence, arguing that she was entitled to an additional 220 days of jail credits toward her sentence on the robbery charges for the period between her arrest on the burglary charges and the sentencing on her burglary charges. Ibid.

The Court held that a defendant held simultaneously on separate pending charges is entitled to jail credits against the sentences for each of the separate charges for the time between the defendant's first arrest and the date of sentencing on the first charges on which the defendant is convicted. Id. at 47. As the Court explained,

> [t]here is nothing new or extraordinary in this holding. Prior to sentencing on pending charges, a defendant accrues and is entitled to jail credits for time spent in custody, but once the first sentence is imposed a

> defendant is only entitled to gap-time credits for time accrued thereafter when sentenced on the other charges.
>
> [Id. at 47.[2]]

While this holding represented a change in the practice of how jail credits are calculated for defendants detained pretrial on multiple separate charges, the Court nowhere in Hernandez suggested it was departing from its holding in Black. To the contrary, in Hernandez the Court discussed its holding in Black at length, id. at 42-43, and explained that the defendant in Black was "serving a custodial sentence, and we concluded [he was] not entitled to presentence jail credits against a new sentence for time served in custody while those charges were pending." Id. at 44. The Court continued,

> [t]he custodial status of Hernandez . . . differs from that of the defendant[] in Black[.] Hernandez . . . seek[s] jail credit for time spent in presentence custody on multiple charges and [is] not seeking jail credits for time accrued after imposition of a custodial sentence. We have not previously addressed these circumstances or the meaning of Rule 3:21-8 when a defendant who is incarcerated awaiting disposition on charges is also held awaiting disposition on other charges.

---

[2] Gap-time credits are awarded when a defendant held on separate pending charges is given separate sentences on different dates. N.J.S.A. 2C:44-5(b). The credits are applied to the second sentence the defendant receives and calculated on the time the defendant spends in custody after he or she begins serving the first sentence but before imposition of the second sentence. Gap-time credits are inapplicable here, because defendant was held for violation of parole supervision imposed on a prior conviction when charged with separate offenses.

[Id. at 45.]

As the Court succinctly stated:

> Today we simply clarify the manner in which jail credits, which are earned prior to the imposition of the first custodial sentence, are to be awarded with respect to multiple charges. Again, once the first sentence is imposed, a defendant awaiting imposition of another sentence accrues no more jail credit under Rule 3:21-8.

[Id. at 50.]

The Court unequivocally stated that it considered its holding in Black to apply to circumstances different from those before it in Hernandez.

We have carefully reviewed the precedents interpreting Hernandez on which defendant relies in support of his argument that Black has effectively been overruled. Those decisions apply Hernandez in various circumstances, none of which concern a defendant incarcerated on a parole violation while awaiting disposition of separate charges. In the absence of a Supreme Court opinion directly addressing the circumstances before the Court in Black, and overruling its interpretation of Rule 3:21-8, we decline to stray from its unequivocal holding precluding the award of the additional jail credits sought by defendant.

To the extent we have not specifically addressed any of defendant's remaining arguments it is because we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2959-17T4